UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BILLY FLEMING, )
        Plaintiff, )
)
v. )    Civil Action No. 5:08-0267
)
STATE OF WEST VIRGINIA, *et al.*, )
        Defendants. )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 1.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.) be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On April 21, 2008, Plaintiff, acting *pro se* and in confinement at Southern Regional Jail in Beaver, West Virginia, filed his Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. §1983.[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) The State of West Virginia;[2] (2) Kristen Keller, Prosecuting Attorney for Raleigh County; (3) Jeff Shumate, Detective for Beckley Police Department, and (3) Audrey Stanton, Reporter for Beckley

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that the State of West Virginia is not a "person" as required by Section 1983.

Register Herald. (Id.) Plaintiff's Complaint alleges the following:

> Above individuals were involved in defaming my character in a murder case, which I was not involved in. It caused me undue hardship, stress, inability to function in everyday life. They have made me and my family's life miserable on a day to day basis. I feel I was belittled by the State of West Virginia, I was falsely accused, I feel the State falsely imprisoned me because I had to sit in jail because of these charges with no bond.

(Id., pp. 4 - 5.) Plaintiff seeks "some monetary value and a public apology for my pain and suffering."(Id., p. 5.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

### 1. **Statute of Limitations.**

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitations for a claim of "false arrest, false imprisonment, and malicious prosecution" is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Additionally, a claim of defamation is subject to a one-year period of limitations under West Virginia law. Garrison v. Herbert J. Thomas Memorial Hospital Association, 190 W.Va. 214, 438

S.E.2d 6 (1993); Padon v. Sears, Roebuck & Co., 186 W.Va. 102, 411 S.E.2d 245 (1991). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice – e.g., by the knowledge of the fact of injury and who caused it – to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

First, Plaintiff alleges in his Complaint that he was unlawfully arrested and detained in violation of his constitutional rights because there was insufficient evidence to support his arrest and imprisonment for felony murder.[3] A Section 1983 claim for false arrest or false imprisonment

---

[3] The undersigned's staff obtained a copy of the docket sheet for the underlying criminal case by contacting the Circuit Clerk of Raleigh County. The docket sheet will be filed as an Exhibit.

accrues when the claimant is detained pursuant to legal process.[4] Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Plaintiff was arrested on charges of forgery and uttering on November 17, 2006. (Document No. 3-2, p. 34.) On January 10, 2007, the Grand Jury of Raleigh County indicted Plaintiff on the following counts: (1) forgery, (2) uttering, (3) first degree robbery, and (4) felony murder.[5] (Id.) Accordingly, by applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest on the charge of felony murder expired on January 10, 2008, one-year from the date Plaintiff was detained pursuant to legal process.[6] Plaintiff filed his instant Complaint on April 21, 2008. Accordingly, the one-year statute of limitation has run as to Plaintiff's claims of false arrest and false imprisonment[7] and the claims are therefore barred.[8]

---

[4] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 549 U.S. at 384, 127 S.Ct. at 1095.

[5] The Circuit Court dismissed Count 3 of the Indictment (first degree robbery) by Order entered on February 1, 2007. (Document No. 3-2, p. 34.) On May 9, 2007, Plaintiff pled guilty to Counts 1 and 2 (forgery and uttering). (*Id.*) The Circuit Court sentenced Plaintiff on June 25, 2007, to consecutive sentences of 1 to 10 years on Counts 1 and 2. (*Id.*) By Agreed Order entered on August 24, 2007, the felony murder charge against Plaintiff was dismissed without prejudice. (*Id.*, pp. 32 - 33.)

[6] Since Plaintiff appears to be challenging only his arrest for felony murder, the undersigned finds that Plaintiff was detained pursuant to legal process on January 10, 2007 (the date of his Indictment for felony murder). Following Plaintiff's indictment, Plaintiff was held in custody on the pending charges. The Circuit Court refused bond because Plaintiff was charged with the capital offense of felony murder. (Document No. 3-2, pp. 34 - 35.)

[7] The undersigned further notes that it is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a

Second, Plaintiff contends that Defendants were "involved in defaming my character in a murder case, which I was not involved in." The undersigned notes that Plaintiff fails to indicate when Defendants began defaming his character or when he became aware of the alleged misconduct. Plaintiff merely alleges that he was defamed during the criminal proceedings involving his felony murder charge. Thus, construing Plaintiff's Complaint liberally, the undersigned finds that the latest Plaintiff could have become aware of the alleged defamation was the dismissal date of his felony murder charge. Accordingly, by applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for defamation would have expired on August 24, 2008, one-year from the date Plaintiff's felony murder charge was dismissed. Plaintiff filed his instant Complaint on April 21, 2008. Accordingly, Plaintiff's claim of defamation was timely filed within the statute of limitations period.

### 2. **Defamation.**

Plaintiff alleges that Defendants defamed his "character in a murder case, which I was not

---

magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." *Rhodes v. Smithers*, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995).

[8] By Agreed Order entered on August 24, 2007, the felony murder charge against Plaintiff was dismissed without prejudice. The Agreed Order stated the following: "The investigating officer, Beckley Police Department Lt. J.S. Shumate, and the State have concluded that there presently is insufficient evidence to permit a jury to convict this defendant of Count 4." (Document No. 3-2, pp. 32 - 33.) The undersigned notes that Plaintiff received credit against his forgery and uttering sentence for the period of time that he was incarcerated on the pending felony murder charge. (*Id.*, p. 36.) Specifically, the Circuit Court ruled as follows: "Defendant should be allowed credit against the sentences for forgery and uttering for the period of time that he was incarcerated prior to sentencing, beginning with his arrest on November 17, 2006."(*Id.*)

involved in." (Document No. 3, p. 4.) Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 does not provide a remedy for violations of rights arising under State law. The undersigned finds that Plaintiff's claim that Defendants defamed his character fails to allege a violation of a federally protected right. See Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 - 66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); Saunders v. Dickerson, 2008 WL 2543428 *2 (E.D.Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution"); Miller v. Jack, 2007 WL 2050409 (N.D.W.Va. Jul. 12, 2007)(finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States"). Thus, it appears that Plaintiff is merely alleging a defamation claim under West Virginia law. Viewing Plaintiff's claim against Defendants as constituting a tort claim of defamation under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because, as the undersigned finds herein, Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has original jurisdiction. Accordingly, Plaintiff's above claim should be dismissed because he has failed to state a claim upon which relief can be granted.[9]

---

[9] The undersigned further notes that Audrey Stanton, a reporter for the Beckley Register Herald, was not acting under the color of State law. Under Section 1983, liability attaches only to conduct occurring under color of State law. Conduct constituting State action under the Fourteenth

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 3.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

---

Amendment satisfies this requirement. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes State action only if it is "fairly attributable to the State." *Id.* at 937, 102 S.Ct. 2744; *see also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744. Ms. Stanton's alleged misconduct of printing false or inaccurate information concerning criminal charges brought against Plaintiff, does not satisfy the above test.

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: March 16, 2009.

R. Clarke VanDervort
United States Magistrate Judge